1  Carolyn Hunt Cottrell (SBN 166977)
   SCHNEIDER WALLACE COTTRELL
2  KONECKY WOTKYNS LLP
   2000 Powell Street, Suite 1400
3  Emeryville, California 94608
   Tel: (415) 421-7100
4  Fax: (415) 421-7105

5  [Additional Counsel on Following Page]

6  Attorneys for Plaintiff and the proposed Class
   and Collective

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10  KARTIK PATEL, on behalf of himself
    and all others similarly situated,

11          Plaintiff,

12  vs.

13  JACK IN THE BOX INC.,

14          Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. **'16 CV 2561 H    JLB**

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**1)  Failure to Pay Wages, Overtime Compensation and Minimum Wage under Federal Law; Fair Labor Standards Act, 29 U.S.C. §§ 201,** *et seq.*
**2)  Failure to Authorize and Permit, Provide and/or Make Available Meal and Rest Periods Pursuant to California Labor Code §§ 203, 223, 226.7, 512, and 1198**
**3)  Failure to Pay for All Hours Worked Pursuant to California Labor Code §§ 200, 1194, 1198**
**4)  Failure to Pay Minimum Wage Pursuant to California Labor Code §§ 1182.11, 1182.12, 1197**
**5)  Failure to Pay Overtime Wages Pursuant to California Labor Code §§ 200, 510, 1194**
**6)  Failure to Provide Accurate Itemized Wage Statements Pursuant to California Labor Code § 226**
**7)  Waiting Time Penalties Pursuant to California Labor Code §§ 201-203**
**8)  Failure to Reimburse for Necessary Business Expenses Pursuant to California Labor Code § 2802**
**9) Violation of Business and Professions Code §§ 17200,** *et seq.*

**DEMAND FOR JURY TRIAL**

John F. Edgar (*pro hac vice* to be submitted)
Matthew T. Swift (*pro hac vice* to be submitted)
EDGAR LAW FIRM LLC
1032 Pennsylvania Avenue
Kansas City, Missouri 64105
Tel: (816) 531-0033
Fax: (816) 531-3322

Attorneys for Plaintiff and the proposed Class and Collective

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INTRODUCTION**

1.     Plaintiff Kartik Patel ("Plaintiff") brings this class and collective action on behalf of himself and other similarly situated individuals who worked for Jack in the Box Inc. ("Jack in the Box" or "Defendant") as salaried Store Managers to challenge Jack in the Box's violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code.

2.     This is a class and collective action against Jack in the Box to challenge its policies and practices of: (1) misclassifying Store Managers, including Plaintiff and proposed Class and Collective members, as exempt employees even though Store Managers primarily perform the same non-exempt duties as regular non-exempt employees; (2) failing to authorize and permit Plaintiff and proposed Class and Collective members to take meal and rest breaks to which they are entitled by law; (3) failing to compensate Plaintiff and proposed Class and Collective members for all hours worked; (4) failing to pay Plaintiff and proposed Class and Collective members minimum wage; (5) failing to pay Plaintiff and proposed Class and Collective members overtime and double time wages; (6) failing to provide Plaintiff and proposed Class and Collective members accurate wage statements; (7) failing to timely pay Plaintiff and the proposed Class and Collective full wages upon termination or resignation; and (8) failing to reimburse necessary business expenditures.

3.     Plaintiff and members of the proposed Class and Collective are current and former employees of Jack in the Box who worked as salaried Store Managers. Store Managers spend the significant majority of their time performing the same tasks as Jack in the Box's hourly non-exempt employees, such as taking and filling orders, working the grill, working the deep fryer, working the drive through, stocking, and providing janitorial, custodial, security, and repair services.  Non-

exempt tasks are a Store Manager's primary duty, and take up a substantial majority of their work time.  Despite this, Store Managers are improperly classified as exempt employees.

4.     Plaintiff and proposed Class and Collective members regularly work well in excess of eight hours per day and forty hours per week.  Moreover, Plaintiff and proposed Class and Collective members are routinely denied meal and rest periods.  In addition, Plaintiff and proposed Class and Collective members are not paid for all of the hours they work and do not receive adequate compensation in the form of minimum wage as well as overtime or double time wages.  Plaintiff and proposed Class and Collective members also do not receive accurate, itemized wage statements reflecting the hours they actually work and the amount of wages and overtime to which they are entitled and for which they should be compensated.  Plaintiff and the proposed Class and Collective members are not reimbursed for necessary business expenditures incurred to, for example, conduct necessary travel between Jack in the Box restaurants to move supplies.  Finally, Plaintiff and proposed Class and Collective members are not paid all amounts owed following their voluntary or involuntary termination.

5.     As a result of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, the California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders.

6.     Jack in the Box is also liable for various other penalties under the California Labor Code and for violation of California Business and Professions Code §§ 17200, *et seq*. ("UCL").

7.     Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all denied meal and rest periods, unpaid wages, including minimum wage and unpaid overtime and double time, and waiting-time penalties.

8.      Plaintiff also seeks declaratory and injunctive relief, including restitution.

9.      Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, 29 U.S.C. § 216(b), the California Labor Code, and California Code of Civil Procedure § 1021.5.

## **PARTIES**

10.      Plaintiff and proposed Class and Collective members are currently and/or formerly employed as Store Managers by Jack in the Box in corporate Jack in the Box restaurant locations (*i.e.*, restaurants owned by Jack in the Box Inc.), who are or were misclassified as exempt employees, during the time period four years before the filing of the complaint in this matter to its resolution.

11.      Plaintiff Patel is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the County of Orange, State of California.

12.      Plaintiff Patel was hired by Jack in the Box in 1990.  He worked as a salaried Store Manager at several store locations in Los Angeles County and San Bernardino County, California during the time period between 2010 and 2016.

13.      Plaintiff is informed, believes, and thereon alleges that Jack in the Box maintains its headquarters in San Diego, California.

14.      Plaintiff is informed, believes, and thereon alleges that Jack in the Box is a restaurant company that operates Jack in the Box restaurants.  Approximately 400 of Jack in the Box restaurants are company-operated.  The number of company-operated Jack in the Box restaurants has fallen in recent years, and was substantially higher earlier in the class period.  On information and belief, Jack in the Box earns more than $500,000.00 in gross annual revenue.

15.      At all relevant times, Defendant has done business under the laws of California, has had places of business in California, including in this judicial district,

and has employed Class and Collective members in this judicial district.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is used in the California Labor Code and the IWC Orders regulating wages, hours, and working conditions.

## JURISDICTION

16.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).

17.    This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 and the FLSA, 29 U.S.C. § 216(b).

## VENUE

18.    Venue is proper under 28 U.S.C. § 1391(b), because Jack in the Box employs Class and Collective members and transacts business in this Judicial District, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

19.    As relevant here, Jack in the Box operates restaurants. Defendant is based out of California and conducts business within the State.  Defendant also conducts business in numerous other states.  The operations of corporate Jack in the Box restaurants, and the wages and compensation of employees at each of its locations, are substantially similar, if not identical.

20.    Plaintiff has been employed by Jack in the Box from approximately 1990 through the present.  Throughout the last four years, Plaintiff has been employed by Jack in the Box as a Store Manager.  During the last four years, Plaintiff worked at

Jack in the Box restaurant locations in Monrovia, California; Altadena, California; Glendale, California; and Ontario, California.

21.     As a Store Manager, Plaintiff was responsible for a variety of utility tasks.  Jack in the Box paid Plaintiff a salary and treated him as an exempt employee during his time as a Store Manager.

22.     Throughout the last four years, Plaintiff was regularly scheduled to work nine hour shifts on Monday through Saturday.  However, Jack in the Box routinely required Plaintiff to work beyond his scheduled shifts.  Plaintiff regularly worked past the scheduled end of his shift, received calls or text messages on his personal cell phone requiring immediate action during off hours and in the middle of the night, and was called in to work on his scheduled day off.

23.     Throughout the last four years, Plaintiff was typically required to arrive at the restaurant by 4:00 a.m. on Mondays.  Plaintiff was required to count inventory when he arrived on Monday mornings – to manually count the products in the store and to enter the count into the computer.  This took several hours to complete.  Throughout the remainder of his shifts, Plaintiff performed a variety of other non-exempt tasks.

24.     Aside from Monday, Plaintiff's shifts were not set at a standard start and end time.  Put differently, Plaintiff was expected to work a combination of morning, day, afternoon, and graveyard shifts.  Plaintiff was also expected to work additional shifts as necessary to provide coverage when non-exempt employees called out at the last minute, whether or not Plaintiff was scheduled to work.  Moreover, Plaintiff was expected to respond immediately to calls and text messages on his personal cell phone at any hour of the night or day, regardless of whether he was scheduled to work.

25.     Throughout the last four years, Plaintiff performed primarily non-exempt

duties.

26.     Plaintiff's work tasks included:  counting inventory, taking customer orders, working the drive through, working the fryer, doing food preparation work, performing general maintenance, unloading and storing products that were delivered to the store location, and driving products and/or equipment between Jack in the Box store locations using his personal vehicle.  Plaintiff spent the substantial majority of his day performing these tasks, which were also performed by non-exempt employees.  Plaintiff's primary duty was performing these non-exempt tasks.

27.     Utilizing salaried Store Managers, like Plaintiff, as utility employees covering all non-exempt tasks in Jack in the Box restaurants is a central component of Jack in the Box's standardized business model.  Store Managers are paid a fixed salary and are expected to cover for non-exempt hourly employees as needed throughout and beyond their shifts.  This enables Jack in the Box to avoid paying overtime compensation and premiums for missed meal and rest periods to non-exempt workers.  Indeed, as a Store Manager one of Plaintiff's tasks was to minimize overtime compensation by relieving, and taking the place of, non-exempt hourly employees as they approached overtime eligible hours.

28.     Jack in the Box has a policy and practice of misclassifying Store Managers as salaried exempt employees.  As a result, Jack in the Box pays Store Managers a fixed amount of money each pay period regardless of the number of hours they work.  However, Store Managers spend the significant majority of their time performing non-exempt duties such as counting inventory, taking customer orders, working the drive through, working the fryer, doing food preparation work, performing general maintenance, unloading and storing products that were delivered to the store location, and driving products and/or equipment between Jack in the Box store locations using his personal vehicle.  These non-exempt tasks are Store

Managers' primary duty, and take up the substantial majority of Store Managers' time.

29.     Store Managers, including Plaintiff, routinely work for Jack in the Box well in excess of eight hours per day and in excess of forty hours per week. However, as a result of Jack in the Box's policy and practice of misclassifying Store Managers as exempt from the overtime and minimum wage requirements of the FLSA, the applicable IWC Wage Order and the Labor Code, Store Managers are not adequately compensated for all hours worked or paid the applicable overtime rates.

30.     Store Managers, including Plaintiff, are regularly prevented from taking meal and rest breaks because they are assigned too much work and given no relief. Store Managers spend the bulk of their day filling in for non-exempt hourly employees and performing other non-exempt tasks.  Jack in the Box restaurants have only one Store Manager.  Because Store Managers are required to fill in for non-exempt hourly employees, the Store Managers rarely have time to take a meal or rest break.  In the event Store Managers do have time for meal or rest breaks, those breaks are often late and/or interrupted.  Store Managers are not compensated for missed or interrupted meal or rest breaks.

31.     Jack in the Box does not provide wage statements to Store Managers, including Plaintiff, that contain the information required by California Labor Code § 226.

32.     Store Managers, including Plaintiff, are not paid the wages due to them upon termination or after resignation.

33.     Store Managers, including Plaintiff, are required to pay out of pocket to, for example, cover gas expenses incurred transporting materials between Jack in the Box restaurants in their personal vehicles.  Store Managers are not reimbursed for these necessary expenditures.  On information and belief, Store Managers also incur

other necessary business expenditures for which they are not reimbursed.

34.    Jack in the Box's conduct has been widespread, repeated, and consistent throughout its corporate-owned and operated locations.

35.    Jack in the Box's conduct was willful, carried out in bad faith, and caused significant damages to Store Managers in an amount to be determined at trial.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings Causes of Action II through IX as a class action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure ("FRCP") 23.  The Class that Plaintiff seeks to represent is defined as follows:

> All current and former Store Managers employed by Jack in the Box at corporate Jack in the Box restaurant locations in California during the time period four years prior to the filing of the original complaint until resolution of this action. (herein referred to as the "Class")

37.    This action has been brought and may properly be maintained as a class action under FRCP 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a.    **Numerosity**:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b.    **Commonality**:  There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

i.    Whether Defendant maintains a common policy and practice of unlawfully misclassifying proposed Class members as exempt from the California Labor Code and Wage Orders;

ii.    Whether Defendant, through its policy and practice of

---

8

Class and Collective Action Complaint and Demand for Jury Trial

*Patel v. Jack in the Box Inc.*

unlawfully misclassifying proposed Class members as exempt from the California Labor Code and Wage Orders, fails to properly pay proposed Class members all of the wages owed to them in violation of California law;

iii.   Whether Defendant fails to properly pay minimum wage to proposed Class members in violation of the California Labor Code and Wage Orders;

iv.   Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to proposed Class members in violation of the California Labor Code and Wage Orders;

v.   Whether Defendant fails to compensate proposed Class members for all hours worked, including as overtime compensation, in violation of the California Labor Code and Wage Orders;

vi.   Whether Defendant fails to compensate proposed Class members for all hours worked in violation of California Business and Professions Code §§ 17200 *et seq*.;

vii.   Whether Defendant fails to authorize, permit, make available, and/or provide proposed Class members with compliant meal periods to which they are entitled in violation of the California Labor Code;

viii.   Whether Defendant fails to authorize, permit, make available, and/or provide proposed Class members with compliant meal periods to which they are entitled in violation of California Business and Professions Code §§ 17200 *et seq*.;

ix.   Whether Defendant fails to authorize, permit, make

Class and Collective Action Complaint and Demand for Jury Trial
*Patel v. Jack in the Box Inc.*

available, and/or provide proposed Class members with compliant rest periods to which they are entitled in violation of the California Labor Code;

x.      Whether Defendant fails to authorize, permit, make available, and/or provide proposed Class members with compliant rest periods to which they are entitled in violation of California Business and Professions Code §§ 17200 *et seq*.;

xi.     Whether Defendant fails to provide proposed Class members with timely, accurate itemized wage statements in violation of the California Labor Code;

xii.    Whether Defendant's policies and practices of failing to pay proposed Class members all wages due upon the end of their employment violate the California Labor Code;

xiii.   Whether Defendant's policies and practices of failing to pay proposed Class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of California Business and Professions Code §§ 17200 *et seq*.; and

xiv.    The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

c.      **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiff and proposed Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.      **Adequacy of Representation**: Plaintiff is a members of the Class,

does not have any conflicts of interest with other proposed Class members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour class actions.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

   e. **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

  38. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

## COLLECTIVE ACTION ALLEGATIONS

39.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage and overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former Store Managers are similarly situated to Plaintiff with regard to their claims for unpaid wages and damages, in that they have been denied proper compensation, including overtime compensation, at some point during the three years prior to the filing of this Complaint.  The group of similarly situated individuals that Plaintiff seeks to represent is defined as follows:

> All current and former Store Managers employed by Jack in the Box at corporate Jack in the Box restaurant locations during the time period three years prior to the filing of the original complaint until resolution of this action. (herein referred to as the "Collective")

40.     Plaintiff is representative of those other current and former Store Managers and is acting on behalf of their interests as well as Plaintiff's own interest in bringing this action.

41.     Members of the Collective are similarly situated, as they have substantially similar job requirements and provisions and are subject to a set of common practices, policies and/or plans that require or permit them to perform work, in the form of spending time or conducting activities for the benefit of Defendant, which are not compensated pursuant to the FLSA.

42.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

43.     Defendant's failure to pay Plaintiff and the Collective their lawful wages was and is willful.  Defendant knew or should have known that its conduct was

unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

44.     Despite its knowledge that time spent by Plaintiff and the Collective, as described above, was compensable time under both state and federal law, Defendant has refused to fully compensate Store Managers for any of this time.

45.     These similarly situated Store Managers are known to Defendant and are readily identifiable, and may be located through Defendant's records.  These similarly situated Store Managers may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Wages, Overtime Compensation and Minimum Wage under Federal Law**
**Fair Labor Standards Act, 29 U.S.C. §§ 201,** *et seq.*
**(On Behalf of the Collective)**

46.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47.     Jack in the Box intentionally and willfully misclassifies Plaintiff and the proposed Collective members as exempt employees.

48.     As a result of this misclassification, Jack in the Box pays Plaintiff and the proposed Collective members a fixed salary and does not track the hours Plaintiff and the proposed Collective members worked.

49.     Jack in the Box requires Plaintiff and the proposed Collective members to work off-the-clock without compensation.  In other words, Plaintiff and the proposed Collective members are forced to perform work for the benefit of Defendant without compensation.

50.     Jack in the Box has willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and the proposed Collective members for all hours worked or spent in its control.

51.     Furthermore, the combination of a fixed salary, long work schedules, and unreimbursed expenses creates a working environment where Plaintiff and the proposed Collective members are routinely compensated at a rate that, at times, is less than the applicable federal statutory minimum wage.

52.     Jack in the Box has maintained policies and procedures that create a working environment where Plaintiff and the proposed Collective members are routinely compensated at a rate that, at times, is less than the federal statutory minimum wage.

53.     As a further result of the misclassification, Jack in the Box does not compensate Plaintiff and the proposed Collective members with appropriate overtime at a rate of time and half, as required by the FLSA.

54.     The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay employees the minimum wage for all time worked and to pay their employees overtime wages at one and one-half their regular rate for hours worked in excess of forty (40) hours during a workweek.  29 U.S.C. §§ 206-207.

55.     Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment.  29 U.S.C. § 211(c).

56.     Defendant violated the FLSA by knowingly failing to compensate Plaintiff and the proposed Collective members for all hours worked, by knowingly failing to compensate Plaintiff and the proposed Collective members at the applicable

federal minimum wage, and by knowingly failing to compensate Plaintiff and the proposed Collective members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

57.   Defendant violated the FLSA by knowingly failing to maintain records of all hours worked.

58.   Defendant's actions were willful.

59.   Defendant is therefore liable to Plaintiff and members of the collective, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court, in an amount according to proof at time of trial.

60.   Wherefore, Plaintiff and the Class and Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
**Failure to Authorize and Permit, Provide and/or Make Available Meal and Rest Periods Pursuant to California Labor Code §§ 203, 223, 226.7, 512, and 1198 (On Behalf of the Class)**

61.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62.   Despite long work days regularly lasting well in excess of eight hours, Jack in the Box prevents Plaintiff and proposed Class members from taking a meal break, prevents Plaintiff and proposed Class members from timely taking a meal break, and/or interrupts their meal breaks.  In addition, when Plaintiff and proposed Class members work more than ten hours Jack in the Box does not make a second meal period available to them.

63.   Moreover, Plaintiff and proposed Class members are not paid one hour of premium pay for the missed breaks.

64.     Similar to meal periods, Jack in the Box routinely prevents Plaintiff and proposed Class members from taking rest periods.  Jack in the Box fails to make rest periods available to Plaintiff and proposed Class members.  Plaintiff's and proposed Class members' schedules do not allow them to take rest periods throughout the day.  When available, if ever, they are often times not compliant.  Instead, they are generally untimely or short.  Plaintiff and proposed Class members do not receive premium pay for their missed breaks as required by California law.

65.     California Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to its employees.  California Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

66.     Under § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

67.     Despite these requirements, Defendant has knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled.  Defendant has also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied.  Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512. Therefore, pursuant to California Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

68.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

69.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay for All Hours Worked Pursuant to California Labor Code §§ 200, 1194, 1198**
**(On Behalf of the Class)**

70.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     Jack in the Box has willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and proposed Class members for all hours worked or spent in its control.

72.     Jack in the Box intentionally and willfully misclassifies Plaintiff and the proposed Class members as exempt employees.

73.     As a result of this misclassification, Jack in the Box pays Plaintiff and the proposed Class a fixed salary and does not track the hours Plaintiff and the proposed Class worked.

74.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

75. California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

76. California Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

77. IWC Wage Order 2-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

78. Jack in the Box requires Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendant without compensation.

79. In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the Class with compensation for all time worked. Specifically, Jack in the Box pays a flat salary without tracking the time worked by Plaintiff and the proposed Class members, knowing full well that its employees are entitled to compensation for all hours worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory

damages, plus interest, attorneys' fees, expenses and costs of suit.

80.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

81.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage Pursuant to California Labor Code §§ 1182.11, 1182.12, 1197**
**(On Behalf of the Class)**

82.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

83.     As a result of Jack in the Box's misclassification of Plaintiff and the proposed Class members, Jack in the Box pays Plaintiff and the proposed Class members a fixed salary.

84.     Jack in the Box has maintained policies and procedures that create a working environment where Plaintiff and proposed Class members are routinely compensated at a rate that, at times, is less than the statutory minimum wage.

85.     During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of eight dollars ($8.00) per hour commencing January 1, 2008 and then at the rate of nine dollars ($9.00) per hour commencing July 1, 2014.

86.     IWC Wage Order 2-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

87.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

88. Plaintiff and proposed Class members regularly work well in excess of eight hours per day and forty hours per week.

89. Plaintiff and the proposed Class members also pay expenses necessary to maintain the Jack in the Box restaurants, and are not reimbursed for these expenditures.

90. The combination of a fixed salary, long work schedules, and unreimbursed expenses regularly result in payment at rates below the minimum wage, as determined by the IWC.

91. California Labor Code §1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

92. By failing to maintain adequate time records as required by California Labor Code §1174(d) and IWC Wage Order 2-2001(7), Defendant makes it difficult to calculate the minimum wage compensation due to Plaintiff and proposed Class members.

93. As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiff and proposed Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to California Labor Code §§ 1194, 1194.2 and 1197.1.

1
2
3
4

**FIFTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to California Labor Code §§ 200, 510, 1194**
**(On Behalf of the Class)**

5
6

94.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

7
8
9

95.    Jack in the Box does not compensate Plaintiff and proposed Class members with appropriate overtime, including time and half and double time, as required by California law.

10
11

96.    California Labor Code § 510(a) provides as follows:

12
13
14
15
16
17
18
19
20

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

21
22

97.    The IWC Wage Order 2-2001(3)(A)(1) states:

23
24
25
26
27

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over

28

1
2
3
4
5
6
7
8

> 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate
> of pay for all hours worked in excess of 12 hours in any workday and for all hours    worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

9
10

98.     California Labor Code § 1194(a) provides as follows:

11
12
13
14

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

15
16
17
18
19

99.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

20
21
22
23
24

100.    Jack in the Box requires Plaintiff and proposed Class members to work in excess of eight hours per day and forty hours per week.  Jack in the Box does not compensate Plaintiff and proposed Class members at an overtime rate for hours in excess of eight hours each day or forty hours each week, including at a rate of one a half times the regular rate and a double rate.

25
26
27
28

Class and Collective Action Complaint and Demand for Jury Trial
*Patel v. Jack in the Box Inc.*

101.   Plaintiff and proposed Class members have worked overtime hours for Jack in the Box without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

102.   Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and the proposed Class members for all premium wages for overtime work.  As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and the proposed Class members in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

103.   Defendant is liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

104.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to California Labor Code § 226**
**(On Behalf of the Class)**

105.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

106.   Jack in the Box does not provide Plaintiff and proposed Class members with accurate itemized wage statements as required by California law.

107.   California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer at least four years at the place of employment or at a central location within the State of California.

108.   The IWC Wage Orders also establish this requirement.  (See IWC Wage Order 2-2001(7)).

109.   California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

110.   Defendant does not provide timely, accurate itemized wage statements to Plaintiff and proposed Class members in accordance with California Labor Code § 226(a) and the IWC Wage Orders.  The wage statements Defendant provides its employees, including Plaintiff and proposed Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

111.   Defendant is liable to Plaintiff and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with

interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

112.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to California Labor Code §§ 201-203**
**(On Behalf of the Class)**

113.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    Jack in the Box does not provide Plaintiff and former proposed Class members with their wages when due under California law after their employment with Jack in the Box ends.

115.    California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

116.    California Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

117.    California Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

118.    Plaintiff and some of the proposed Class members left their employment with Jack in the Box during the statutory period, at which time Jack in the Box owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working for the benefit of Jack in the Box, which went unrecorded and/or uncompensated.

119.   Jack in the Box willfully refused and continues to refuse to pay Plaintiff and proposed Class members all the wages that were due and owing to them, in the form of meal and rest period premium pay, and reporting time pay, upon the end of their employment as a result of Jack in the Box's willful misclassification of Plaintiff and the proposed Class members as exempt.  As a result of Jack in the Box's actions, Plaintiff and proposed Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

120.   Defendant's willful failure to pay Plaintiff and proposed Class members the wages due and owing them constitutes a violation of California Labor Code §§ 201-202.  As a result, Defendant is liable to Plaintiff and proposed Class members for all penalties owing pursuant to California Labor Code §§ 201-203.

121.   In addition, § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, the Plaintiff and proposed Class members are entitled to penalties pursuant to California Labor Code § 203, plus interest.

122.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenses Pursuant to California Labor Code § 2802**
**(On Behalf of the Class)**

123.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

124.   Defendant does not reimburse all class members for necessary business expenditures.

125.   California Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of

the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

126.   Jack in the Box regularly requires Plaintiff and the proposed Class members to pay out of pocket to cover mileage expenses, including gasoline expenses, incurred driving between Jack in the Box locations to transport materials, among other expenses.  Jack in the Box does not reimburse Plaintiff and the proposed Class members for these expenditures.  On information and belief, Jack in the Box also fails to reimburse the proposed Class members for additional necessary business expenditures.

127.   Defendant is liable to Plaintiff and the Class alleged herein for the unreimbursed expenses and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

128.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Violation of Business and Professions Code §§ 17200, *et seq.*
### (On Behalf of the Class)

129.   Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

130.   California Business and Professions Code §§ 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

131.   California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

132.   California Labor Code § 90.5(a) states it is the public policy of California

to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

133.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the California Unfair Competition Law, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.  violations of IWC Wage Orders pertaining to the classification of exempt employees;

      b.  violations of California Labor Code § 1194 and IWC Wage Order pertaining to the payment of wages;

      c.  violations of California Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

      d.  violations of California Labor Code §§ 1182.11, 1182.12, and 1197 and IWC wage orders pertaining to minimum wage;

      e.  violations of California Labor Code §§ 226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

      f.  violations of California Labor Code § 226 regarding accurate, timely itemized wage statements;

      g.  violations of California Labor Code § 2802 regarding indemnification for necessary expenditures; and

      h.  violations of California Labor Code §§ 201-203.

134.   The violations of these laws and regulations, as well as of the

fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of California Business and Professions Code §§ 17200 *et seq.*

135. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of California Business and Professions Code §§17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

136. California Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

137. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

138. California Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to California Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and proposed Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and

all other equitable remedies owing to them.

139.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to California Code of Civil Procedure § 1021.5 and otherwise.

140.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.    For an order certifying this case as a class and collective action, appointing Plaintiff as the representative of the Class and Collective, and appointing Plaintiff's attorneys, Schneider Wallace Cottrell Konecky Wotkyns LLP and Edgar Law Firm LLC as Class and Collective Counsel;

2.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

3.    For a declaratory judgment that Defendant has violated the California Labor Code and public policy as alleged herein;

4.    For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

5.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

Class and Collective Action Complaint and Demand for Jury Trial
*Patel v. Jack in the Box Inc.*

6. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

7. For an order awarding Plaintiff and the Class and Collective members compensatory and liquidated damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class and Collective members, together with interest on these amounts, according to proof;

8. For an order awarding Plaintiff and the Class members civil penalties pursuant to California Labor Code provisions cited herein, with interest thereon.

9. For an award of reasonable attorneys' fees as provided by the FLSA; California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

10. For all costs of suit;

11. For interest on any damages and/or penalties awarded, as provided by applicable law; and

12. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: October 13, 2016

*/s/ Carolyn Hunt Cottrell*
CAROLYN HUNT COTTRELL
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN F. EDGAR (*pro hac vice* to be submitted)
MATTHEW T. SWIFT (*pro hac vice* to be submitted)
EDGAR LAW FIRM LLC
1032 Pennsylvania Avenue
Kansas City, Missouri 64105
Tel: (816) 531-0033
Fax: (816) 531-3322

Attorneys for Plaintiff and the proposed Class and Collective

Class and Collective Action Complaint and Demand for Jury Trial
*Patel v. Jack in the Box Inc.*

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

3  is entitled to a jury.

4

5                                   Respectfully submitted,

6  Date: October 13, 2016

7

8                                    _/s/ Carolyn Hunt Cottrell_
                                     CAROLYN HUNT COTTRELL
9                                    SCHNEIDER WALLACE COTTRELL
                                     KONECKY WOTKYNS LLP
10                                   2000 Powell Street, Suite 1400
                                     Emeryville, California 94608
11                                   Tel: (415) 421-7100
                                     Fax: (415) 421-7105
12

13                                   JOHN F. EDGAR (*pro hac vice* to be
14                                   submitted)
                                     MATTHEW T. SWIFT (*pro hac vice* to be
15                                   submitted)
                                     EDGAR LAW FIRM LLC
16                                   1032 Pennsylvania Avenue
                                     Kansas City, Missouri 64105
17                                   Tel: (816) 531-0033
                                     Fax: (816) 531-3322
18

19                                   Attorneys for Plaintiff and the proposed Class
20                                   and Collective

21

22

23

24

25

26

27

28
                                    33
                   Class and Collective Action Complaint and Demand for Jury Trial
                                 *Patel v. Jack in the Box Inc.*